1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   COREY D. WILLIS,

11              Petitioner,                    No. CIV S-08-2449 MCE GGH P

12        vs.

13   A.P. KANE, et al.,

14              Respondents.              FINDINGS AND RECOMMENDATIONS

15   _____/

16              Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  This action is proceeding on the original petition filed

18   October 7, 2008.  Petitioner challenges the 2005 decision of the California Board of Parole

19   Hearings (BPH) finding him unsuitable for parole.

20              Pending before the court is respondent's December 12, 2008, motion to dismiss

21   on grounds that this action is barred by the statute of limitations. After carefully considering the

22   record, the court recommends that respondent's motion be granted.

23              The statute of limitations for federal habeas corpus petitions is set forth in 28

24   U.S.C. § 2244(d)(1):

25              A 1-year period of limitation shall apply to an application for a writ
               of habeas corpus by a person in custody pursuant to the judgment
26             of a State court.  The limitation period shall run from the latest of

                                            1

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The statute of limitations for habeas petitions challenging parole suitability hearings is based on § 2244(d)(1)(D), i.e. the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence. Redd v. McGrath, 343 F.3d 1077 (9th Cir. 2003). At the time the Ninth Circuit decided Redd, suitability decisions could be administratively appealed. Id. at 1084. In Redd, the Ninth Circuit held that the factual basis of the petitioner's claims challenging a parole suitability hearing could have been discovered through the exercise of due diligence when the BPH denied the administrative appeal. Id.

Since Redd, the administrative review process for parole suitability hearings has been eliminated. Therefore, petitioner's suitability hearing became final when the 2005 BPH became final on November 30, 2005. See Transcript from 2005 BPH hearing attached as exhibit to the petition, p. 54 of the transcript.[1] Petitioner had one year from that date to file a timely federal petition. The instant action, filed October 7, 2008, is not timely unless petitioner is entitled to statutory or equitable tolling.

\\\\\

---

[1] The hearing was held on August 2, 2005. However, the transcript states that the decision made by the BPH on August 2, 2005, would be final on November 30, 2005.

2

1         AEDPA's one-year limitation period may be tolled for "[t]he time during which a

2  properly filed application for State post-conviction or other collateral review with respect to the

3  pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  An application is "pending"

4  until it has achieved final resolution through the state's post-conviction procedures.  Carey v.

5  Saffold, 536 U.S. 214, 220, 122 S.Ct. 2134 (2002).  In Nino v. Galaza, 183 F.3d 1003, 1006 (9th

6  Cir. 1999), the Ninth Circuit held that the "statute of limitations is tolled from the time the first

7  state habeas petition is filed until the California Supreme Court rejects the petitioner's final

8  collateral challenge."

9         Pursuant to the mailbox rule, petitioner filed his first state habeas petition

10  challenging the 2005 BPH decision on May 4, 2006.  Motion to Dismiss, Exhibit 1.  On May 29,

11  2007, the Superior Court denied the petition.  Id., Exhibit 2.  Pursuant to the mailbox rule,

12  petitioner filed a habeas corpus petition in the California Court of Appeal on July 11, 2007.

13  Motion to Dismiss, Exhibit 3.  On October 2, 2007, the California Court of Appeal denied the

14  petition.  Id., Exhibit 4.

15         On October 24, 2007, petitioner filed a habeas petition in the California Supreme

16  Court.  Id., Exhibit 5.  On December 12, 2007, the California Supreme Court denied the petition.

17  Id., Exhibit 7.

18         Petitioner's state habeas petitions were pending for 587 days, i.e. from May 4,

19  2006, to December 12, 2007.  Adding 587 days to November 30, 2006, would make petitioner's

20  federal petition due July 9, 2008.  The instant action is still not timely.

21         The court now considers whether petitioner is entitled to equitable tolling.  The

22  one year statute of limitations for filing a habeas petition may be equitably tolled if

23  "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on

24  time."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  The prisoner must show that the

25  "extraordinary circumstances" were the cause of his untimeliness.  Stillman v. LaMarque, 319

26  F.3d 1199, 1203 (9th Cir. 2003).  "Indeed, the threshold necessary to trigger equitable tolling

1   [under AEDPA] is very high, lest the exceptions swallow the rule." <u>Miranda v. Castro</u>, 292 F.3d

2   1063, 1066 (9th Cir. 2002).  Petitioner "bears the burden of showing that this extraordinary

3   exclusion should apply to him." <u>Id.</u>.  Determining whether equitable tolling applies is a "fact-

4   specific" inquiry.  <u>Fry v. Hickman</u>, 273 F.3d 1144, 1146 (9th Cir. 2001).

5          In the opposition to the pending motion, petitioner argues he was not provided

6   with the transcripts from the at-issue hearing until well after the date the BPH hearing was final.

7   However, petitioner does not state nor provide any evidence regarding when he actually received

8   the transcripts.  More importantly, petitioner was aware that his parole suitability had been

9   denied for the reasons given at hearing.  Not having the transcripts relating the same thing is a

10  red herring.  For these reasons, the court does not find that petitioner has demonstrated that he is

11  entitled to equitable tolling on this ground.

12         Petitioner goes on to argue that even though the BPH decision was final on

13  November 30, 2005, this is not the date on which he received notification that it was final.

14  Because the transcript from the 2005 hearing states that the decision became final on November

15  30, 2005, the court finds that this is further argument in support of the claim for equitable tolling

16  due to a delay in receiving transcripts.  Because petitioner does not state when he actually

17  received the transcripts, he is not entitled to equitable tolling on this ground.

18         Petitioner also argues that he is entitled to equitable tolling because in January

19  2008 he transferred to California State Prison-Solano and was without his property for

20  approximately 24 days.  The California Supreme Court denied petitioner's habeas petition on

21  December 12, 2007.  Petitioner did not file the instant action until October 7, 2008.  That

22  petitioner was denied access to his legal property for 24 days in January 2008 does not explain

23  why he waited approximately 8 months from the time the California Supreme Court denied his

24  petition to file his federal petition.  Accordingly, petitioner is not entitled to equitable tolling on

25  this ground.

26  \\\\\

1    Petitioner goes on to state after his arrival at California State Prison-Solano in

2    January 2008, he was placed in housing unit 18.  One and one-half weeks later he was moved to

3    housing unit 14 for one month.  After that, he was transferred to another facility.  During that

4    time, he was searching for an inmate to help him prepare his petition.

5    Petitioner's transfers within California State Prison-Solano during January-March

6    of 2008 and the resulting difficulty he had in locating a jailhouse lawyer as a result of those

7    transfers do not explain why it took him until October 2008 to file his federal petition.  Petitioner

8    is not entitled to equitable tolling on this ground.

9    Petitioner next argues that he put in a request for library services during several

10   lockdowns.  However, this conclusory assertion does not demonstrate that inadequate law library

11   access prevented petitioner from filing a timely petition.  Accordingly, petitioner is not entitled to

12   equitable tolling on this ground.

13   For the reasons discussed above, the court finds that the instant petition is not

14   timely.  Respondent's motion to dismiss on grounds that this action is barred by the statute of

15   limitations should be granted.

16   Accordingly, IT IS HEREBY RECOMMENDED that respondent's December 12,

17   2008, motion to dismiss (no. 17) be granted.

18   These findings and recommendations are submitted to the United States District

19   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

20   days after being served with these findings and recommendations, any party may file written

21   objections with the court and serve a copy on all parties.  Such a document should be captioned

22   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

23   shall be served and filed within ten days after service of the objections.  The parties are advised

24   \\\\\

25   \\\\\

26   \\\\\

1   that failure to file objections within the specified time may waive the right to appeal the District

2   Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3   DATED: January 23, 2009

4

5                                    /s/ Gregory G. Hollows

                                    UNITED STATES MAGISTRATE JUDGE

6   will2449.157

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26